IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              CASE NO. 06-20004

DUSTIN DALONE MARKEL                                        DEFENDANT


## <u>O R D E R</u>

Before the Court is Defendant's Motion to Dismiss Indictment
and Brief in Support (Doc. 36), and the United States' Response to
Defendant's Motion to Dismiss Indictment (Doc. 37), and the Reply
Regarding Defendant's Motion to Dismiss Indictment and Brief in
Support (Doc. 38).

Defendant was charged in the indictment with failure to
register pursuant to 18 U.S.C. § 2250, the Adam Walsh Child
Protection and Safety Act of 2006, 42 U.S.C. § 16901 et seq. ("Adam
Walsh Act").  This act concerns a defendant who "knowingly fails to
register or update a registration as required by the Sex Offender
Registration and Notification Act ("SORNA").  Defendant contends
the indictment is defective in two ways.  One, there is no evidence
Defendant traveled in interstate commerce, an essential element of
the offense, after the effective date of the law.  Defendant
asserts that retroactive application of the law would violate the
United States Constitution's prohibition against *ex post facto*
laws.  Two, Defendant was never notified of his requirement to
register under SORNA, as required by SORNA's own provisions.

Two courts have recently addressed arguments similar to those

raised by Defendant.   In *United States of America v. Madera*, No. 6:06CR202 ORL18KRS, 2007 WL 141283 (M.D. Fl. Jan. 16, 2007) the defendant sought dismissal of an indictment for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and the Walsh Act.  The defendant claimed, among other arguments, the indictment violated the *ex post facto* clause of the Constitution.   The Court found that retroactive application of the law was not in violation of the *ex post facto* clause as the intention of the registration requirement was not punitive, but rather was intended to create a regulatory scheme that was civil and non-punitive. *Id.* at *5.

The rationale in *Madera* relies upon the Supreme Court decision in *Smith v. Doe*, 538 U.S. 84 (2003).  In *Smith*, the Supreme Court considered a law imposed by the state of Alaska which was strikingly similar to SORNA.  The Court found the intention of such a registering and reporting law was to "create a civil, non punitive regime."  *Smith*, 538 U.S. at 96.  Moreover, the Court found there was no punitive effects from the registering and reporting schemes.  *Id.* at 97 (stating the "[m]ost significant factor in [the] determination that the statutes's effects are not punitive" is "the Act's rational connection to a non punitive purpose.").  *Smith* was also relied upon in *United States v. Templeton*, No. CR-06-291-M, 2007 WL 445481 (W.D. Okla. Feb 7, 2007).  In *Templeton*, the Defendant also sought to dismiss the indictment, contending the reporting requirements of SORNA violate

the *ex post facto* clause.  However, the Court found the law does not "punish the defendant for an act that was not a crime when allegedly performed, does not make the punishment greater for a crime committed before the law's enactment, and does not deprive defendant of a defense available before its enactment." *Id.* at *5.

Our case raises issues like those considered by the *Madera*, *Templeton*, and *Smith* courts.  Accordingly, the same rationale applies and the retroactivity of the registration law does not violate the *ex post facto* clause of the Constitution as it is not punitive, but a civil regulatory scheme with no punitive purpose or effect.[1]

Defendant's second argument concerns his lack of knowledge of the requirement to register as a sex offender under Section 2250. Defendant contends his duties under SORNA were not explained to him by an "appropriate official" as required by the statute. However, Section 2250 requires the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act."  A defendant is required by

---

[1] Defendant cites to *United States v. Bobby Smith*, 2007 U.S. Dist. LEXIS 16350, 06-20674 (E.D. Michigan, March 8, 2007), in which the Eastern District of Michigan dismissed a similar indictment to the one at issue, finding the defendant had to travel in interstate commerce after the effective date of SORNA in order to be convicted under the act.  *Id.* at *21-22. The court notes that the ruling by the Eastern District of Michigan is not binding, but merely persuasive.  Additionally, *Bobby Smith* recognized that the other courts to review this issue, including this court, had all held to the contrary.  *Id.* at *22, n.2  This court is unpersuaded by *Bobby Smith* and will continue to follow the majority of jurisdictions and its own precedent in this matter.  *See United States v. Manning*, No. 06-20055, 2007 WL 62437 (W.D. Ark. Feb 23, 2007); *United States v. Payne*, No. 06-20002-RTD (W.D. Ark. Feb. 26, 2007).

SORNA to comply with registration obligations as imposed by other laws.  SORNA also imposes its own registration obligations in some instances. The Defendant was informed in August of 2001 of his obligation to register as a sex offender under the Oklahoma notification law.  Although this notice was prior to the enactment of SORNA, a violation of SORNA requires that a defendant knowingly failed to register or update a registration.  A defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

In *Madera*, the Defendant signed a sexual registration form from New York dated May 1, 2006, which was prior to the enactment of SORNA.  This form informed the defendant he must register as a sex offender within ten days of establishing a residence if he moved to another state.  The *Madera* court found the defendant was "on fair notice that he was required to register as a sex offender." *Madera*, *4.  Accordingly, no new duties were imposed by SORNA nor did SORNA impair any rights of the defendant when he failed to register.  The same is true in our case as Defendant knew he was under an obligation to register and no new duties were given to him. Moreover, the Supreme Court has held that ignorance of the law is generally no excuse to break the law, even in offender registration contexts, where the necessity of registration is likely to be known.  *See Lambert v. California*, 355 U.S. 255

(1957).

    For the above stated reasons, Defendants Motion to Dismiss Indictment (Doc. 33) is DENIED and this matter remains set for a jury trial on Monday, April 30, 2007.

IT IS SO ORDERED.

                                      /s/ Robert T. Dawson
Dated:   April 11, 2007        Robert T. Dawson
                                        United States District Judge